Singh v. Lynch

BIA
Christensen, IJ
A200 940 543

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26ᵗʰ day of April, two thousand sixteen.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

SARBJIT SINGH,
> *Petitioner,*

> v.                                          14-3412
>                                             NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Jaspreet Singh, Jackson Heights, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Justin Markel, Senior Litigation Counsel, Nancy E. Friedman, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the Government's unopposed motion to file a late brief is GRANTED, and the petition for review is DENIED.

Petitioner Sarbjit Singh, a native and citizen of India, seeks review of an August 14, 2014, decision of the BIA, affirming an August 28, 2013, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sarbjit Singh,* No. A200 940 543 (B.I.A. Aug. 14, 2014), *aff'g* No. A200 940 543 (Immig. Ct. N.Y. City Aug. 28, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's demeanor and inconsistencies in his statements and other record evidence "without regard to whether"

2

they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Singh was not credible.

The agency reasonably relied on Singh's demeanor, noting that his testimony was vague, unresponsive, and evasive. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005); *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007). That finding is supported by the record.

The agency's demeanor finding and the overall credibility determination are bolstered by record inconsistencies. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *see also Xiu Xia Lin*, 534 F.3d at 165-67. Singh testified that he did not ask his political party for a supporting letter until 2012, but the letter he submitted was dated 2011. *See Xiu Xia Lin*, 534 F.3d at 164, 166-67. Further, Singh testified inconsistently regarding whether he knew the name of the author of that letter, how he discovered the author's address, and who had obtained the letter. Singh's attempts to explain these inconsistencies only led to further inconsistencies. *See Majidi*, 430 F.3d at 80.

Having questioned Singh's credibility, the agency reasonably relied further on his failure to submit corroborating evidence sufficient to rehabilitate his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ reasonably declined to credit the political party's letter given Singh's inconsistent testimony as to how he obtained it. The IJ did not err in giving diminished weight to Singh's remaining individualized evidence, which consisted only of photocopies of affidavits from interested parties and his birth certificate. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

Given the demeanor, inconsistency, and lack of corroboration findings, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That finding is dispositive of Singh's claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

Accordingly, the Government's motion to file a late brief is GRANTED, and the petition for review is DENIED. As we have

4

completed our review, the pending motion for a stay of removal

in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk